## EAMES v. H. B. CLAFLIN CO.

(District Court, S. D. New York. January 9, 1915.)

RECEIVERS ⊂⇒67—POSSESSION OF PROPERTY—DELIVERY AFTER APPOINTMENT OF RECEIVERS.

Where, on a creditors' bill to sequestrate the assets of an insolvent corporation, receivers were appointed, and thereafter, but before the receivers had filed their bond or taken possession of the property, a seller, who had contracted to sell merchandise to the corporation, and who had no knowledge of the insolvency or receivership, delivered the merchandise to the corporation, the receivers could not retain possession thereof without paying the purchase price, whether their possession related back to their appointment or not, since the corporation could not accept possession after the decree appointing the receivers had been made, unless the receivers rejected the contract of purchase and, if the receivers elected to accept the contracts as assets of the corporation, they must also accept the burdens of those contracts. The retention of the goods delivered in these circumstances must be deemed an election to accept the contracts.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 117–122; Dec. Dig. ⊂⇒67.]

In Equity. Creditors' bill by John C. Eames against the H. B. Claflin Company. On petition by the receivers for instructions regarding the claims of Joshua L. Bailey & Co. Order entered, giving instructions.

This is a motion made in a creditors' bill to sequestrate the assets of a corporation in financial embarrassment, for distribution among its creditors. Receivers were appointed by an order signed on June 24, 1914, between 5 and 5:30 p. m. after the clerk's office had closed; the order being filed at the opening of the office on the 25th at 9 a. m. The receivers' possession was made conditional on filing a bond, and the bond was approved and filed at about 1 p. m. on the 25th; the receivers taking possession shortly thereafter. During the morning of the 25th certain sellers, in ignorance of the receivership, delivered merchandise to the corporation, which had been ordered under contracts long antedating the filing of the bill or any knowledge of insolvency. These sellers claim the right to treat the deliveries as made to the receivers, and as establishing a receivership debt. The receivers petition for instructions, suggesting that their obligations date from the filing of the bond.

Henry Root Stern, of New York City, for receivers.

Arthur C. Rounds, of New York City, for sellers.

LEARNED HAND, District Judge (after stating the facts as above). I do not find it necessary in this case to decide whether the possession of the receivers relates back to the time of the filing of the order for the following reasons. The receivers are entitled, regardless of the form of the papers, to possession only of such assets as were owned by the corporation at the time of filing either of the bill or of the decree appointing them. If the corporation acquires any assets thereafter, it is not relevant to the sequestration suit. Now the contract of sale was an existing asset of the corporation, which the receivers had the option to accept or reject. If they rejected it, it remained an asset of the corporation; if they accepted it, they took it cum onere. At the time when they became entitled to it, however, no delivery had been made, the seller still had his lien, even assuming title had passed. A delivery thereafter to the corporation would not be a delivery under the contract, unless the receivers eventually elected to reject, because the court had forbidden the corporation thus to assume any of its existing assets, among others, such contracts of sale. When the receivers assumed such a delivery by taking the goods into their own possession, they could do so only by exercising their option to assume the contract. I need not consider the effect of a delivery to the corporation if the receivers had rejected the contract; it would be a matter outside this suit. It is enough that the rights of the receivers date at the latest from the entry of the order, and that their right to possession can arise only by reason of either the corporation's actual possession at that time, or of its right to possession by virtue of a contract then existing.

Assuming, therefore, even that the receivers' possession does not relate back, I find that their assumption and retention of the corporation's possession arising after the bill and decree were filed can only be treated as an exercise of their option. The receivers are therefore instructed that they must either pay for the goods the contract price, or

abandon all claims to them, in which case the sellers will be allowed to pursue such remedies against the corporation for their recovery as they may be advised.

Such an order will pass upon the petition.