ODELL v. BEDFORD CO.

Petition of EDISON ELECTRIC ILLUMINATING CO. OF BROOKLYN.

(District Court, E. D. New York. July 2, 1915.)

RECEIVERS ⊜➛90—CONTINUANCE OF BUSINESS—LIABILITY FOR ELECTRICITY—
PRIOR CONTRACT.

Though, when, receivers were appointed for B., it had a contract with an
electric company for current at a rate less than charged at retail for tem-
porary service, which, however, authorized suspension of service on notice,
unless the arrears were paid up, yet, the receivers having made no elec-
tion for continuance of the contract subject to its burdens, and the com-
pany having stipulated to defer its right to act on the prior breach, and to
continue to supply current to the receivers, leaving the question of rate
open, and an order requiring it to furnish them current having been made,
they, during the time they used it, till a composition was made by B. with
its creditors, should pay the ordinary and reasonable rate for temporary
use.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 164–166; Dec.
Dig. ⊜➛90.]

In Equity. Suit by William P. Odell against the Bedford Company.
On petition of the Edison Electric Illuminating Company of Brooklyn
for current furnished to receivers of defendant. Payment ordered.

Hatch & Sheehan, of New York City (Carlyle M. Keyes, of New
York City, of counsel), for petitioner.

Stern & Gotthold, of New York City (Ernest J. Ellenwood, of New
York City, of counsel), for receivers and for Bedford Co.

CHATFIELD, District Judge. It appears from the papers that the
Edison Company had a contract with the Bedford Company at a rate
substantially smaller than that charged at retail for temporary service.
After the filing of the petition in bankruptcy, as well as after the ap-
pointment of receivers in the equity action, question was raised by the
Edison Company as to the payment of the amounts due at the time
of filing the petition for electric current, and also as to the rate of pay-
ment for the future.

Under the terms of the contract, the Edison Company could have
given notice of breach and suspended service unless the arrears were
paid up. They by stipulation agreed to defer their right to act upon
this breach and to continue supplying current to the receivers, if the
receivers should deposit in a special account the amount, over the con-
tract price, which would be payable to the Edison Company at the
ordinary retail rate, and it was further stipulated that the acceptance
of the amount admitted to be due under the contract might be had
without prejudice to this question of election. It was evident at the
time that this stipulation was entered into that the Bedford Company
was planning a settlement or composition with its creditors and that
it would wish to continue or renew the contract with the electric light
company. There was, therefore, no necessity for the receivers or for
the estate in bankruptcy to elect whether it would undertake to carry
on the contract as an asset.

⊜➛For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

It may be assumed that under the decisions of Eames v. H. B. Claflin Co. (D. C.) 220 Fed. 190, and Atchison, T. & S. F. Ry. Co. v. Hurley, 153 Fed. 503, 82 C. C. A. 453, an election for continuation of a contract would have been subject to its burdens as well as its benefits, and the receivers would have stood in the shoes of the Bedford Company, and therefore have been liable to pay up the arrears if they sought to reap the benefits. But that question was postponed, and, inasmuch as the composition has gone through, it lies now between the Bedford Company and the Edison Company to decide whether the Bedford Company, in resuming or carrying on its contract, can hold the Edison Company to the percentage paid the other creditors of the arrears which were a provable debt at the time the petition in bankruptcy was filed. Whether the Edison Company would be held to receive a preference, if it should insist upon the reinstating of the contract, with the payment of arrears, is not involved in the present motion. The receivers, during the time they were in possession, were enabled to put off the time of election on their part with respect to the future contract. They have turned over to the Bedford Company the question of rights and payments under the contract in substantially the position in which it was when the receivers took possession. They are liable, as for rent, for the reasonable amount of use. While under ordinary circumstances the price reserved in the contract or lease is evidence of reasonable use, it is not conclusive. It does not seem equitable to compel the Edison Company by restraining order to furnish current, as before, to the receivers, and then to treat the Edison Company as if they had not been prevented from exercising their rights, and as if the termination of the lease had been left free to them.

It is true that the rate charged for current in the contract must be assumed to have been a reasonable and profitable rate, and that the difference in price would be adjusted solely with reference to the term of service. If the receivers could show that the Edison Company is charging more for its current to them than to other customers, where the amount of current and contract is the same, or if the difference in price in the charge made to the receivers could be shown to be because of any fictitious change in the service, then a reference would be ordered and the reasonable value fixed. But upon the papers as submitted the sole question is whether the ordinary and reasonable value for use should be paid by the receivers during what was substantially an interval or lapse in the carrying out of the contract.

The motion for payment of the retail charge while the receivers were obtaining the current will be granted.